UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 24-CR-10293-AK |
| | ) | |
| CLS GLOBAL FZC LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' PROVISIONAL MOTION FOR PRELIMINARY ORDER OF FORFEITURE

The United States of America, by its attorney, Leah B. Foley, United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of a Preliminary Order of Forfeiture in the above-captioned case pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and Rule 32.2(b) of the Federal Rules of Criminal Procedure.   A proposed Preliminary Order of Forfeiture is submitted herewith.   In his plea agreement, defendant CLS Global FZC LLC, ("the Defendant"), agreed to entry of the requested order.   *See* Docket No. 10 (Rule 11(c)(1)(C) plea agreement).

Significantly, the plea agreement has been offered pursuant to Rule 11(c)(1)(C) and this Court has deferred acceptance of the plea.   The government respectfully requests the Court consider this motion if, and only if, the Court accepts the Plea Agreement.

In support thereof, the United States sets forth the following:

1.      On September 19, 2024, a federal grand jury sitting in the District of Massachusetts returned a two-count Indictment charging the defendant with Conspiracy to Commit Market Manipulation and Wire Fraud, in violation of 18 U.S.C. § 371 (Count One), and Wire Fraud, in violation of 18 U.S.C. § 1343 (Count Two).

2.      The Indictment also included a forfeiture allegation, pursuant to 18 U.S.C.

§ 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of one or more of the offenses alleged in Counts One and Two of the Indictment, of any property, real or personal, which consititutes, or is derived from, proceeds traceable to the commission of the offenses.

3.      The Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets described in Paragraph 2 above, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p).

4.      On February 7, 2025, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant will plead guilty to Count One and Two of the Indictment, pursuant to a written plea agreement that it signed on January 23, 2025, through its Authorized Representative.   *See* Docket No. 10.   The expectation is that the Defendant will also be sentenced on February 7, 2025.

5.      In Section 7 of the plea agreement, the assets to be forfeited specifically include, without limitation, the following:

        a.      All funds, including cryptocurrency, and anything else of value located in the account with User ID 42132227 (including sub-accounts with User IDs 864465559 and 938873655) on the Binance cryptocurrency exchange; and

2

   b.   All funds, including cryptocurrency, and anything else of value located in
        the accounts with User IDs 201938192, 66415195, and 133956595 on the
        KuCoin cryptocurrency exchange.

(Collectively, the "Properties").

   6.   The Defendant admitted that these Properties are subject to forfeiture because
they constitute proceeds of the charged offenses or was purposefully commingled with proceeds
of the charged offenses in Counts One and Two of the Indictment.   *Id.* at 5.

   7.   In the written plea agreement, the Defendant also agreed to assist fully in the
forfeiture of the Properties, to promptly take all steps necessary to pass clear title to the forfeited
assets to the United States, including, but not limited to, executing any and all documents
necessary to transfer such title, assisting in bringing any assets located outside of the United
States within the jurisdiction of the United States, and taking whatever steps are necessary to
ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made
unavailable for forfeiture.

   8.   In light of the Defendant's guilty plea and admissions in the plea agreement, the
United States has established the requisite nexus between the Properties and the offenses to
which the Defendant pled guilty.   Accordingly, the Properties are subject to forfeiture to the
United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

   9.   Pursuant to Rule 32.2(4)(A), Rule 11(c)(1)(C), and based upon the Defendant's
consent to entry of the requested order, the Order of Forfeiture becomes final upon the Court's
acceptance of the Defendant's guilty plea, and upon entry by this Court at sentencing.   The
instant motion and proposed order are filed in advance of sentencing, and before the Court has

determined whether to accept the plea, in compliance with Rule 32.2(b)(2)(B) of the Federal Rules of Criminal Procedure, requiring the Court to allow a party an opportunity to "suggest revisions or modifications before the order becomes final."   Although the government has requested the Court delay entry of the requested order unless and until the Court accepts the plea, by filing the instant motion and proposed order in advance of sentencing, the Defendant has the opportunity to review the terms and conditions of the proposed Order and respond to the Court accordingly.

10.    Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Properties.

11.    Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Properties, and notice that any person, other than the Defendant, having or claiming a legal interest in the Properties must file a petition with the Court within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier.

12.    This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited Properties and any additional facts supporting the petitioner's claim and

the relief sought.

13.    The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Properties that are the subject of the Preliminary Order of Forfeiture as a substitute for published notice as to those persons so notified.

WHEREFORE, the United States requests that this Court, if, and only if, the Court accepts the plea agreement tendered pursuant to Rule 11(c)(1)(C), at sentencing:

(a)    enter the Preliminary Order of Forfeiture in the form submitted herewith;

(b)    include the forfeiture, as set forth in the Preliminary Order of Forfeiture, in the oral pronouncement of the Defendant's sentence;

(c)    retain jurisdiction for the purpose of enforcing the forfeiture; and

(d)    incorporate the Preliminary Order of Forfeiture in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

Respectfully submitted,

LEAH B. FOLEY
United States Attorney,

By:    /s/  *Carol E. Head*
CAROL E. HEAD
CHRISTOPHER MARKHAM
DAVID M. HOLCOMB
Assistant United States Attorneys
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
carol.head@usdoj.gov

Dated: March 26, 2025

5