UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 24-CR-10293-AK |
| | ) | |
| CLS GLOBAL FZC LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**PRELIMINARY ORDER OF FORFEITURE**

**KELLEY, D.J.**

WHEREAS, on September 19, 2024, a federal grand jury sitting in the District of

Massachusetts returned a two-count Indictment charging the defendant with Conspiracy to

Commit Market Manipulation and Wire Fraud, in violation of 18 U.S.C. § 371 (Count One), and

Wire Fraud, in violation of 18 U.S.C. § 1343 (Count Two);

WHEREAS, the Indictment also included a forfeiture allegation, pursuant to 18 U.S.C.

§ 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States intended to

seek the forfeiture, upon conviction of the Defendant of one or more of the offenses alleged in

Counts One and Two of the Indictment, of any property, real or personal, which consititutes, or

is derived from, proceeds traceable to the commission of the offenses;

WHEREAS, the Indictment further provided that, if any of the above-described

forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located

upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third

party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially

diminished in value; or (e) has been commingled with other property which cannot be divided

without difficulty, the United States is entitled to seek forfeiture of any other property of the

Defendant, up to the value of such assets described in Paragraph 2 above, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p);

WHEREAS, on February 7, 2025, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Count One and Two of the Indictment, pursuant to a written plea agreement that it signed on January 23, 2025, through its Authorized Representative;

WHEREAS, in Section 7 of the plea agreement, the assets to be specifically forfeited include, without limitation, the following:

a.    All funds, including cryptocurrency, and anything else of value located in the account with User ID 42132227 (including sub-accounts with User IDs 864465559 and 938873655) on the Binance cryptocurrency exchange; and

b.    All funds, including cryptocurrency, and anything else of value located in the accounts with User IDs 201938192, 66415195, and 133956595 on the KuCoin cryptocurrency exchange

(collectively, the "Properties");

WHEREAS, the Defendant admitted that these Properties are subject to forfeiture because they constitute proceeds of the charged offenses or was purposefully commingled with proceeds of the charged offenses in Counts One and Two of the Indictment;

WHEREAS, the Defendant also agreed in the written plea agreement to assist fully in the forfeiture of the Properties, to promptly take all steps necessary to pass clear title to the forfeited assets to the United States, including, but not limited to, executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United

2

States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture;

WHEREAS, in light of the Defendant's guilty plea and admissions in the plea agreement, the United States has established the requisite nexus between the Properties and the offenses to which the Defendant pled guilty, and accordingly, the Properties are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Properties.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1.    The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the United States has established the requisite nexus between the Properties and the offenses to which the Defendant pled guilty.

2.    The Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

3.    Accordingly, all of Defendant's interests in the Properties are hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

4.    The Defendant shall assist fully in the forfeiture of the Properties including, but not limited to, executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United

States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not

sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture.

5.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the

United States is hereby authorized to seize the Properties and maintain them in its secure custody

and control.

6.      Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), the

United States shall publish, for thirty (30) consecutive calendar days on the government

forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice

of the United States' intent to dispose of the Properties.

7.      Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 8 U.S.C. § 2461(c), the

United States shall give, to the extent practicable, direct written notice to any person known to

have alleged an interest in the Properties to be forfeited.

8.      Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated by 8 U.S.C. § 2461(c),

the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a

legal interest in the Properties, shall, within sixty (60) days after the first day of publication on

the government forfeiture website or within thirty (30) days after receipt of actual notice,

whichever is earlier, file a petition with the United States District Court in Boston,

Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the

Properties; and (b) that the petition shall be signed by the petitioner under the penalty of perjury

and shall set forth the nature and extent of the petitioner's right, title, or interest in the Properties,

the time and circumstances of the petitioner's acquisition of the right, title, or interest in the

Properties, any additional facts supporting the petitioner's claim, and the relief sought.

4

9.      Pursuant to 21 U.S.C. § 853(n)(7), as incorporated by 28 U.S.C. § 2461(c), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Properties.

10.     Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

11.     Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of its sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against it.


/s/ Angel Kelley
**ANGEL KELLEY**
United States District Judge


Dated: April 2, 2025