```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS


                                    )
UNITED STATES OF AMERICA,           )
                                    )
         Plaintiff,                 )
                                    )   Criminal Action
v.                                  )   No. 1:24-cr-10293-AK-1
                                    )   Pages 1 to 14
CLS GLOBAL FZC LLC,                 )
                                    )
         Defendant.                 )
                                    )


              BEFORE THE HONORABLE ANGEL KELLEY
                 UNITED STATES DISTRICT JUDGE


                          SENTENCING


                         April 2, 2025
                          11:04 a.m.


           John J. Moakley United States Courthouse
                        Courtroom No. 8
                       One Courthouse Way
                   Boston, Massachusetts 02210




                    Linda Walsh, RPR, CRR
                    Official Court Reporter
           John J. Moakley United States Courthouse
                       One Courthouse Way
                   Boston, Massachusetts 02210
                     lwalshsteno@gmail.com
```

```
 1   APPEARANCES:

 2   On Behalf of the Government:

 3        UNITED STATES ATTORNEY'S OFFICE
          By: AUSA David M. Holcomb
 4        1 Courthouse Way, Suite 9200
          Boston, Massachusetts 02210
 5        617-756-9043
          david.holcomb@usdoj.gov
 6

 7   On Behalf of the Defendant:

 8        BLANCHE LAW
          By: Lex Urban, Esq.
 9        99 Wall Street, Suite 4460
          New York, New York 10005
10        860-287-2145
          lex.urban@blanchelaw.com
11
          NIXON PEABODY LLP
12        By: Robert A. Fisher, Esq.
          53 State Street
13        Boston, Massachusetts 02109
          617-345-1000
14        rfisher@nixonpeabody.com

15

16

17

18

19

20

21

22              Proceedings reported and produced
                 by computer-aided stenography.
23

24

25
```

```
 1                    P R O C E E D I N G S
 2            THE CLERK:  All rise.
 3            THE COURT:  Give me a moment to get my computer on.
 4            (Pause.)
 5            THE CLERK:  The United States District Court for the
 6   District of Massachusetts is now in session, the Honorable
 7   Angel Kelley presiding.  Today is April 2nd, 2025.  Criminal
 8   Action 24-10293.  The United States of America versus CLS
 9   Global FZC LLC will now be heard before this Court.
10            THE COURT:  Counsel, can I have you state your
11   appearances for the record, please.
12            MR. HOLCOMB:  Good morning, Your Honor.  David Holcomb
13   for the United States.
14            MR. URBAN:  Good morning, Your Honor.  Lex Urban for
15   the defendant, CLS Global.
16            MR. FISHER:  Good morning, Your Honor.  Rob Fisher,
17   also for the defendant.
18            THE COURT:  Okay.  Thank you.
19            Probation, I'm going to ask you to state your
20   appearance, but I'm also going to ask you to move over here
21   where there's a microphone.  We're going to have Probation in
22   that location from now on.
23            U.S. PROBATION:  Okay.
24            THE COURT:  Sorry about that.  Thank you.
25            U.S. PROBATION:  Good morning, Your Honor.  Martha
```

```
         1   Victoria on behalf of U.S. Probation.
         2              THE COURT:  Thanks.  All right.  So we are scheduled
         3   for CLS Global FZC LLC's sentencing hearing.  On February 7th,
         4   2025, CLS Global pled guilty through an authorized
11:05    5   representative to two counts, one -- Count 1, conspiracy to
         6   commit market manipulation and wire fraud, and Count 2, wire
         7   fraud.
         8              Let me just go over a number of matters.  So I've
         9   received and reviewed the plea agreement -- and let me just
11:06   10   double-check.  Yes -- filed on January 21st, 2025, the
        11   presence report prepared by Probation, and the joint
        12   sentencing memo submitted by the parties.
        13              Counsel, have I omitted anything that you've submitted?
        14              MR. HOLCOMB:  No, Your Honor.
11:06   15              MR. URBAN:  No, Your Honor.
        16              THE COURT:  All right.  And Probation, was anything
        17   withheld from the presentence report pursuant to Rule 32(d)(3)?
        18              U.S. PROBATION:  No, Your Honor.
        19              THE COURT:  And everyone can remain seated and just
11:06   20   speak into the microphone.
        21              Are the parties anticipating an evidentiary hearing?
        22              MR. HOLCOMB:  No, Your Honor.
        23              MR. URBAN:  No, Your Honor.
        24              THE COURT:  And Counsel, have you had -- Attorney
11:06   25   Urban, have you had an opportunity to review all the materials
```

```
 1     submitted in connection with this sentencing?
 2              MR. URBAN:  I have, Your Honor.
 3              THE COURT:  And -- so I've reviewed the PSR and see no
 4     objections were filed.  Anything that needs to be registered now?
 5              MR. HOLCOMB:  No, Your Honor.
 6              THE COURT:  All right.  The PSR calculates the offense
 7     level to be 12, and that's based upon a base offense level of 7
 8     pursuant to Section 2X1.1(a) and Section 2B1.1 with an increase
 9     of 5 pursuant to Section 2B1.1(b)(10)(C) for a total adjusted
10     offense level of 12.  Any objections?
11              MR. HOLCOMB:  No.  Thank you.
12              MR. URBAN:  No, Your Honor.
13              THE COURT:  Also, based on a total offense level of
14     12, the base fine is calculated to be $70,000 pursuant to
15     Section 8C2.4(a)(1).  Any objections to be noted?
16              MR. HOLCOMB:  No.
17              THE COURT:  Hearing none.
18              All right.  The PSR calculates the culpability score
19     to be 6.  That's based upon a score of 5 pursuant to 8C2.5(a)
20     with an increase of 2 under Section 8C2.5(b)(4) and then a
21     decrease of 1 for acceptance of responsibility, for a total
22     culpability score of 6.  Any objections that need to be noted?
23              MR. HOLCOMB:  No.
24              THE COURT:  A culpability score of 6 results in a
25     minimum multiplier of 1.20 and a maximum multiplier of 2.40.
```

```
 1  Any objections to that?
 2          MR. HOLCOMB:  No.
 3          MR. URBAN:  No.
 4          THE COURT:  All right.  Applying the minimum and
 5  maximum multipliers to the base offense of $70,000, the
 6  resulting guideline range is $84,000 to $168,000.  Any
 7  objections that need to be noted?
 8          MR. HOLCOMB:  No.
 9          THE COURT:  Hearing none.
10          All right.  Government, you want to be heard?
11          MR. HOLCOMB:  Your Honor, just to briefly supplement
12  the joint memo of why this matters, why this conduct matters,
13  the company was caught in a sting operation assisting a client
14  with volume creation, which is a form of market manipulation to
15  create the appearance of trading volume, and it's clear that
16  from the statements made by the employee and other available --
17  publicly available information about the company, that the
18  company was doing this for other cryptocurrency clients.
19          The goal of this volume manipulation was generally
20  twofold.  One was to get cryptocurrency tokens listed on
21  cryptocurrency exchanges, and the other was to create the
22  illusion of market interest in these cryptocurrencies, and both
23  of those had the goal of getting buyers, purchasers of
24  cryptocurrencies to notice these tokens and buy those tokens.
25          And so this was a fraud on the market, and individual
```

```
          1   purchasers who wouldn't have otherwise bought these tokens that,
          2   you know, received these services, they purchased these tokens,
          3   and they may not have had they known that all of this market
          4   activity was fake.  And so that's why the defendant's conduct
11:10     5   matters.
          6        Why we think the proposed resolution is appropriate here,
          7   it's part of a larger global resolution alongside the proposed
          8   consent judgment in the civil -- or the parallel SEC
          9   enforcement action, and from the government's perspective with
11:10    10   respect to the plea agreement, the proposed monetary component,
         11   the criminal fine which overlaps entirely with the SEC monetary
         12   component in that proposed judgment, is appropriate.  It is
         13   substantial, it serves to deter as well as to effect change
         14   within the organization.
11:11    15             THE COURT:  And that amount is?
         16             MR. HOLCOMB:  That's -- Your Honor, it's --
         17             THE COURT:  Is it four hundred and twenty-eight
         18   thousand --
         19             MR. HOLCOMB:  It's $428,000.
11:11    20             THE COURT:  -- and change?
         21             MR. HOLCOMB:  Yes, that's correct.  And then the same
         22   can be said for the terms of probation, which overlap with the
         23   undertakings in the proposed consent judgment that effectively
         24   serve to exclude CLS Global from U.S. markets for the three-year
11:11    25   term.  It would prevent or prohibit CLS Global from servicing
```

```
           1   U.S.-based clients and prohibit CLS Global from providing
           2   services with respect to tokens that are available to U.S.-based
           3   investors.  So that's a significant set of undertakings that,
           4   coupled with annual certifications, go toward protecting U.S.
11:11      5   investors.
           6            And the government, you know, credits the company with
           7   having promptly retained counsel and negotiated a plea with the
           8   government.
           9            The company exists entirely outside of the U.S., and
11:12     10   so the fact that it engaged in and has accepted responsibility
          11   and agreed to these undertakings is significant in the
          12   government's view.
          13            THE COURT:  Okay.  Thank you.
          14            Counsel, would you like to be heard?
11:12     15            MR. URBAN:  Yes, just very briefly, Your Honor.
          16            I'd just like to say that my client understands the
          17   seriousness of these charges, and that is why, as AUSA Holcomb
          18   just noted, they have recognized and accepted responsibility and
          19   taken proactive steps to cooperate with U.S. authorities and to
11:12     20   ensure that they are mitigating both their exposure to the U.S.
          21   market and any U.S. legal risk that still exists.  So thank you.
          22            THE COURT:  Thank you.
          23            In consideration of what a reasonable sentence would
          24   be here, I must consider and have considered all the factors
11:13     25   under 18 U.S.C. Section 3553(a).  That includes the nature and
```

circumstances of the offense, the defendant's history and relevant characteristics, the kinds of sentences available, the applicable guidelines, any pertinent policy statement issued by the sentencing commission, the need to avoid unwarranted sentence disparities among similarly situated defendants, and the need to provide restitution to any victims.

I've also considered the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.

Having considered the presentence report, the Court will now formally accept the parties' plea agreement. In consideration of all of these factors, I find that it's appropriate to accept the plea agreement and accept the resolution proposed by the parties. That is a fine of $428,059 and 63 cents, except that the fine amount will be reduced by the amount recovered through forfeiture as provided by the U.S. Attorney's Office in the amount to be paid to the U.S. Securities and Exchange Commission in docket number 24-CV-12590 as provided by the SEC, forfeiture set forth in the motion for forfeiture filed by the government, which the Court will sign, three years of probation, and the mandatory special assessment of $800 which the defendant must pay to the clerk of the Court by -- forthwith.

             In determining this sentence, I took into account a
number of the following factors, that's the nature and
circumstances of the criminal offense, including market
manipulation through sophisticated means, the kinds of sentences
established for this particular offense, and that CLS Global
has taken responsibility and established compliance policies
and protocols for the future.

             In particular, CLS Global has assisted with accepting
legal responsibility for their conduct, making voluntary
disclosures to the United States authorities, and augmenting
compliance controls and company policy to address and mitigate
United States legal risk.  These efforts included, prior to the
imposition of conditions by the United States authorities, an
internal review of service offerings for compliance with United
States law, revisions to licensing agreements and modifications
to CLS Global's website to prevent services from being offered
to United States-based persons.

             Further, the recommended term and conditions of
probation accomplish the goals of deterrence and protection of
the U.S. markets and investors.  It also ensures that the
criminal and civil prosecutions are in sync, and for these
reasons the sentence explained above is sufficient to adequately
reflect the seriousness of the offense and to promote respect
for the law.

             All right.  Pursuant to the Sentencing Reform Act of

|||
|---|---|
| 1 | 1984 and having considered the sentencing factors enumerated in |
| 2 | 3553(a), it is the judgment of the Court that the defendant |
| 3 | organization, CLS Global FZC LLC, is hereby sentenced to three |
| 4 | years of probation.  This consists of terms of three years on |
| 11:16  5 | Counts 1 and 2 to run concurrently. |
| 6 | It is ordered that the defendant organization shall |
| 7 | pay the United States a fine of $428,059.63.  The sum of this |
| 8 | fine is to be reduced by the net proceeds forfeited by the |
| 9 | government as provided by the U.S. Attorney's Office as well as |
| 11:16 10 | any amount recovered by the U.S. Securities and Exchange |
| 11 | Commission in case number 24-CV-12590 as provided by the SEC. |
| 12 | The Court grants the United States' motion for entry of order |
| 13 | of forfeiture. |
| 14 | While under the Probation Office's supervision, |
| 11:17 15 | defendant shall comply with the mandatory and standard terms |
| 16 | and conditions as recited on page 27 of the PSR.  You shall |
| 17 | also comply with the special conditions as outlined on pages 27 |
| 18 | and 28 of the PSR and Exhibit A of the plea agreement. |
| 19 | And Counsel, you have those before you, correct? |
| 11:17 20 | MR. URBAN:  I do, Your Honor.  Thank you. |
| 21 | THE COURT:  All right.  As noted, it's further ordered |
| 22 | defendant shall pay the special assessment of $800 to be paid |
| 23 | immediately.  This sentence is imposed for all the reasons |
| 24 | previously stated and because the Court believes that this |
| 11:18 25 | sentence and all its components is reasonable and is a sentence |

|  |  |
|---|---|
| 1 | that is sufficient but not greater than necessary to accomplish |
| 2 | the goals of sentencing and the Supreme Court's guidance. |
| 3 | Let me just take a -- okay.  Give me one second. |
| 4 | (Pause.) |
| 11:18  5 | THE COURT:  Probation, I think that there is one |
| 6 | additional, which is CLS Global must pay the balance of the |
| 7 | fine imposed no later than 30 days after the entry of the civil |
| 8 | judgment.  The application of forfeiture proceeds and the |
| 9 | determination of the balance owed was also included and shall |
| 11:19 10 | be ordered. |
| 11 | Okay.  Mr. Lara. |
| 12 | THE CLERK:  Yes, Your Honor. |
| 13 | Sir, the Court hereby notifies you of your right to |
| 14 | appeal the sentence.  If you cannot afford the cost of an |
| 11:19 15 | appeal, you may move to proceed in forma pauperis.  Any appeal |
| 16 | from the sentence must be filed within 14 days of entry of the |
| 17 | judgment on the docket.  Do you understand these rights? |
| 18 | MR. URBAN:  Yes. |
| 19 | THE CLERK:  Thank you. |
| 11:19 20 | THE COURT:  Probation, is there anything further that |
| 21 | I need to cover? |
| 22 | U.S. PROBATION:  No, Your Honor. |
| 23 | THE COURT:  AUSA Holcomb? |
| 24 | MR. HOLCOMB:  No, Your Honor.  I would just note, in |
| 11:19 25 | the spirit of syncing up the judgments in the civil and |

|  |  |
|---|---|
| 1 | criminal cases, the motion in the civil case moves for |
| 2 | acceptance of the consent judgment upon the Court's acceptance |
| 3 | of CLS's guilty plea, which is today. |
| 4 | THE COURT:  So I can move forward on that? |
| 11:20  5 | MR. HOLCOMB:  So I just wanted to flag that for the |
| 6 | Court.  I'm, of course, not a party to the case.  I just |
| 7 | figured I would flag it. |
| 8 | THE COURT:  Yes, I appreciate that. |
| 9 | MR. HOLCOMB:  Thank you. |
| 11:20 10 | THE COURT:  Just give me one second.  Let me just |
| 11 | check one thing. |
| 12 | Okay.  In docket number 24-CV-12590, the civil action |
| 13 | that we've made reference to, on January 21st, 2025, it was an |
| 14 | assented-to motion to approve the consent judgment as to |
| 11:21 15 | defendant CLS Global FZC LLC that was filed by the Securities |
| 16 | and Exchange Commission.  I will take action on that now, |
| 17 | having resolved this criminal action. |
| 18 | Attorney Urban, anything? |
| 19 | MR. URBAN:  No, Your Honor. |
| 11:21 20 | THE COURT:  All right.  I think that concludes it.  |
| 21 | Mr. Lara, anything? |
| 22 | THE CLERK:  We're all set.  Thank you, Judge.  We're |
| 23 | adjourned. |
| 24 | THE COURT:  Thank you. |
| 11:21 25 | (Adjourned at 11:21 a.m.) |

```
 1                CERTIFICATE OF OFFICIAL REPORTER
 2
 3         I, Linda Walsh, Registered Professional Reporter
 4   and Certified Realtime Reporter, in and for the United States
 5   District Court for the District of Massachusetts, do hereby
 6   certify that the foregoing transcript is a true and correct
 7   transcript of the stenographically reported proceedings held in
 8   the above-entitled matter, to the best of my skill and ability.
 9         Dated this 7th day of April, 2025.
10
11
12              /s/ Linda Walsh
13              Linda Walsh, RPR, CRR
14              Official Court Reporter
```